UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ISIDRO RAMOS, III,** §<br>**TDCJ No. 02150358,** §<br>§<br>   **Petitioner,** §<br>§<br>v. §   Civil No. SA-20-CA-01448-FB<br>§<br>**BOBBY LUMPKIN, Director,** §<br>**Texas Department of Criminal Justice,** §<br>**Correctional Institutions Division,** §<br>§<br>   **Respondent.** § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* petitioner Isidro Ramos, III's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and memorandum in support (ECF No. 5), respondent Bobby Lumpkin's Motion to Dismiss (ECF No. 9), and petitioner's Reply (ECF No. 11) thereto. In his § 2254 petition, petitioner challenges the constitutionality of his 2017 state court conviction for continuous sexual abuse of a child, arguing (1) his trial counsel rendered ineffective assistance by failing to object to the admission of evidence and by failing to have certain evidence tested for DNA, (2) the prosecution committed misconduct at closing argument by shifting the burden of proof, and (3) his appellate counsel rendered ineffective assistance by failing to raise meritorious allegations on direct appeal. In his answer, respondent contends petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In July 2017, petitioner was convicted of one count of continuous sexual abuse of a child and sentenced to thirty years of imprisonment. *State v. Ramos*, No. 2015CR9685 (144th Dist. Ct., Bexar Cnty., Tex. July 6, 2017); (ECF No. 10-9 at 173-74). Petitioner was also convicted of five counts of sexual assault of a child under the same cause number but received a suspended sentence for each count. (ECF No. 10-9 at 175-84). The Texas Fourth Court of Appeals affirmed his conviction on direct appeal. *Ramos v. State*, No. 04-17-00446-CR, 2018 WL 6793545 (Tex. App.—San Antonio, Dec. 27, 2018, no. pet.); (ECF No. 10-2). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.[1]

Instead, petitioner waited until December 5, 2019, to file a state habeas corpus application challenging his conviction and sentence. *Ex parte Ramos*, No. 91,308-01 (Tex. Crim. App.); (ECF No. 10-21 at 19). The Texas Court of Criminal Appeals denied the petition without written order on October 7, 2020. (ECF No. 10-20). Thereafter, petitioner placed the instant federal habeas petition in the prison mail system on December 18, 2020. (ECF No. 1 at 10).

## II. Timeliness Analysis

Respondent contends petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

---

[1] *See also* http://www.search.txcourts.gov, search for "Ramos, Isidro" last visited August 3, 2021.

In this case, petitioner's conviction became final Monday, January 28, 2019, when the time for filing a PDR with the Texas Court of Criminal Appeals expired. *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted).[2] As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction expired a year later on January 28, 2020. Because petitioner did not file his § 2254 petition until December 18, 2020—almost eleven months after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.     Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously,

---

[2] Because the thirtieth day was a Saturday, petitioner's conviction became final the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

petitioner challenged the instant conviction by filing a state habeas application on December 5, 2019, which was eventually denied by the Texas Court of Criminal Appeals on October 7, 2020. Accordingly, petitioner's state habeas application tolled the limitations period for a total of 308 days, making his federal petition due December 1, 2020. Again, he did not file the instant § 2254 petition until December 18, 2020, over two weeks late.

**B.**     **Equitable Tolling**

Petitioner has not provided this Court with any valid reason to equitably toll the limitations period in this case. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

The record demonstrates that petitioner failed to diligently pursue his rights. Petitioner's direct appeal of his conviction was denied by the intermediate court of appeals in December 2018, yet petitioner waited almost a full year to execute his state habeas corpus application in December 2019. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence."). Petitioner does not even attempt to establish that his claims could not have been discovered and presented earlier.

Instead, petitioner argues he is entitled to equitable tolling due to the sporadic lockdowns and limited law library access that resulted from the COVID-19 pandemic. According to petitioner, the sporadic lockdowns and limited library access made it difficult to obtain the correct forms or to adequately prepare his federal habeas petition. Indeed, the lack of access to a law library can in some circumstances toll the one-year limitations period. *See Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003). In order to toll the limitations period, however, the lack of library access must have *actually prevented* petitioner from filing his habeas petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011).

Courts in this district have repeatedly found that delays caused by intermittent lockdowns do not constitute "extraordinary circumstances" warranting equitable tolling because they do not prevent a prisoner from filing a petition. *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (unpublished) (finding a temporary denial of access to research materials or the law library and inadequacies in the prison law library were are not extraordinary circumstances sufficient to warrant equitable tolling); *White v. Director*, TDCJ-CID, No. 6:19-cv-231, 2021 WL 1015951, at *4 (E.D. Tex. Feb. 5, 2021), *report and recommendation adopted*, 2021 WL 978760 (E.D. Tex. Mar. 16, 2021) (finding diminished library access did not "actually prevent" petitioner from filing and thus was not constitute an extraordinary circumstance).[3]

In this case, petitioner similarly presents no evidence that any diminished library access "actually prevented" him from filing his federal petition. *Krause*, 637 F.3d at 561. Rather,

---

[3] *See also United States v. Pizarro*, No. CR 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (finding that a COVID-19 lockdown did not justify equitable tolling as it did not actually prevent the petitioner filing his habeas petition); *Coppin v. United States*, 3:10-cr-345, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (finding a series of lockdowns did not constitute an extraordinary circumstance that prevented Defendant from filing § 2255 motion); *Sheppard v. Stephens*, No. 5:16-cv-426, 2016 WL 4276292, at *2 (W.D. Tex. May 26, 2016); *Harrison v. Stephens*, No. H-14-2991, 2015 WL 3507888, at *3 (S.D. Tex. June 3, 2015) (petitioner failed to explain why the security lockdowns constitute "extraordinary circumstances" or show that he diligently pursued his rights during the remaining portion of the limitations period).

petitioner's argument is simply that sporadic lockdowns and intermittent library access "made it difficult" to comply with the time limits. (ECF No. 11 at 2). Petitioner admits to having access to law library materials—albeit on a limited and sometimes delayed basis due to staff shortages and intermittent lockdowns—and concedes his § 2254 petition was ultimately filed before the COVID-19 restrictions had been lifted from his unit. *Id*. at 1 (stating the restrictions were not lifted until "the end of January or early February of 2021"). Thus, the delays in accessing library materials do not constitute an "extraordinary circumstance" that ultimately prevented petitioner from filing a timely federal petition.

Moreover, during the COVID-19 pandemic, other courts have found that prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a petition prior to the lockdowns. *See*, *e.g.*, *United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) ("Even assuming that a lockdown due to the COVID-19 pandemic delayed defendant's ability to file his motion, it does not explain the more than one-year delay. COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020."); *United States v. Mayfield*, No. 4:16-CR-3077, 2020 WL 1663582, at *1 (D. Neb. Apr. 3, 2020) (holding that when, "as a result of the COVID-19 pandemic, his access to the law library has been limited, preventing him from completing his motion," equitable tolling would only be appropriate if the motion "was diligently pursued").

Here, petitioner fails to establish that he diligently pursued his right to file the instant § 2254 petition prior to the COVID-19 pandemic. As discussed previously, petitioner's limitations period began in January 2019, well before COVID-19 measures began to take effect in or around March 2020. While petitioner did eventually file a state habeas corpus application in December 2019, he fails to explain why he waited eleven months before doing so, much less why he waited until after

the Texas Court of Criminal Appeals denied the application in October 2020 before beginning work on his federal petition.  And because the majority of petitioner's (pre-state habeas petition) limitations period took place prior to the initiation of any COVID-19 protocols, his arguments regarding intermittent library access as a result of COVID-19 do little to explain why petitioner could not have filed the instant petition earlier.

Consequently, because petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet petitioner provided no reasonable justification for missing the filing deadline by more than two weeks. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether petitioner was entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent Bobby Lumpkin's Motion to Dismiss, filed April 2, 2021 (ECF No. 9), is **GRANTED**;

2. Federal habeas corpus relief is **DENIED** and petitioner Isidro Ramos, III's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 4th day of August, 2021.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE